per cent) ; and of the remaining 50 shares, 17 were held by the wives of the two sons of J. W. Teasdale, Sr., and 33 shares were held in trust for children of one of the sons. There is no question in our minds that these facts meet the test of the statute that two or more corporations shall be deemed affiliated when " substantially all the stock * * * is owned * * * by the same interests."

There is no direct proof of the ownership of the capital stock of the Seneca Dried Fruit Co. It does appear that the members of the Teasdale family controlled this corporation in some manner, but we are not warranted on the vague testimony on this point in making a finding that the ownership or control of the stock was sufficient to deem the corporation affiliated with petitioner. Upon the evidence in the record we can not find that the Seneca Dried Fruit Co. was affiliated with petitioner in 1919.

The petitioner seeks to deduct from income in 1919, $7,765.13 which was charged off in that year as a bad debt. This is a part of the debit balance carried on its books against the Seneca Dried Fruit Co., the total in 1919 being $17,765.13. This total (with the possible exception of $1,400) is the balance of the old indebtedness to the petitioner of the Seneca Dried Fruit Co. which existed in 1912 or 1913. The latter went into bankruptcy at that time, and the fact of worthlessness of the debt must have been known at that time or shortly thereafter, as it was testified that the Traders National Bank could not recover on its debt against the bankrupt and hence sued G. W. Teasdale as guarantor. The only reason given for not charging off this account before 1919 was that the suit of the Traders National Bank was pending and the total amount of indebtedness of the Seneca Dried Fruit Co. to petitioner could not be known until this suit was concluded. We are unable to see how this would affect the fact of worthlessness of the old debt. It does not appear, in any event, why the petitioner paid the amount of the judgment obtained by the bank against G. W. Teasdale. Our conclusion is that the evidence does not show this debt became worthless within the year 1919.

> *Judgment will be entered after 20 days'*
> *notice, under Rule 50.*

---

GEORGE HOKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7999.   Promulgated January 27, 1927.

An individual who kept his books and filed his returns on the calendar-year basis was a member of a partnership which kept its books on the basis of a fiscal year ended in the calendar year 1924.

*Held,* that he is not entitled to the benefit of the 25 per cent reduction in tax provided in the 1924 Act for the year 1923 with respect to his share of the partnership profits for the fiscal year ended in 1924.

*D. D. Shepard, Esq.,* for the respondent.

The petitioner seeks a redetermination of a deficiency in income tax for 1924 in the amount of $273.95, only $187.84 of which is in controversy.

No evidence was introduced and the case was submitted on the pleadings.

#### FINDINGS OF FACT.

The petitioner is a lawyer and a member of the partnership of Cobb, Wheelwright, Hoke & Benson, and has been a member thereof since the partnership was formed on June 1, 1923. The partnership operates upon the basis of a fiscal year ending May 31 of each year. The petitioner filed his individual income-tax return for the calendar year 1924 in which return he reported income from the partnership, a portion of which was taxable at 1923 rates and a portion at 1924 rates. In that return he claimed as a credit the amount of 25 per cent of the total tax upon income taxable at 1923 rates. No part of the petitioner's share of the partnership income was reported on his 1923 return.

The respondent disallowed this claim for credit which resulted in a deficiency of $187.84, which is that part of the total deficiency involved in this appeal.

#### OPINION.

TRAMMELL: The decision on the question involved in this appeal is governed by the *Appeal of Charles Colip,* 5 B. T. A. 123, and *Appeal of C. A. Weaver,* 5 B. T. A. 313.

*Judgment will be entered for the respondent.*

---

#### APPEAL OF YOKOHAMA KI-ITO KWAISHA, LTD.

Docket No. 2653.     Promulgated January 28, 1927.

**1.** A letter sent by the Commissioner in 1916 to an attorney advising him that a foreign corporation was in his opinion entitled to deduct from gross income in a tax return made under the Revenue Act of 1916, such portion of the income received from sources within the United States as represents "the actual commission for buying silk in Japan," is not such an interpretation of the statute as has any binding effect upon a successor Commissioner in determining true tax liability for the fiscal year ended June 30, 1917.